IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REGINALD JACKSON,**

    **Plaintiff,**

v.                             **CASE NO.: 4:22-CV-00091-RH-MAF**

**CONGRESS,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Reginald Jackson, a non-prisoner proceeding *pro se*, filed a civil rights complaint, ECF No. 1, and a motion to proceed *in forma pauperis* (IFP), ECF No. 2. The Court found the complaint legally insufficient, denied the IFP motion, and ordered Plaintiff to file an amended complaint and the $402 filing fee. ECF No. 4. Plaintiff filed an amended complaint. ECF No. 6. As of the drafting of this Report, Plaintiff has not paid the filing fee and has not complied with the Court's orders. For the reasons stated below, the complaint should be **DISMISSED** without prejudice and the case closed.

**I.    Plaintiff's Initial Complaint, ECF No. 1**

Plaintiff's initial complaint was reviewed pursuant to 28 U.S.C. § 1915A. The initial complaint was a rambling narrative, which made

ascertaining the nature of the lawsuit difficult. Plaintiff sued the following defendants: Congress; "all government, state, city"; every camp of the Army reserves; former presidents Barack Obama, Donald Trump, and Bill Clinton; all ex-presidents; several individuals in Havana, Florida named "Marcus President, Gabriel Showers, Shanti, Civila Gabo, and "Fabious Strawter"; "Level 1" and "Level 3 Nations"; and Keisha Brown. ECF No. 1, pp. 1-3. Generally, Plaintiff sought to pursue an investigation into a "major operation" involving the "pandemic" and wanted access to his trust fund and vehicles. ECF No. 1, p. 6. The Court ordered Plaintiff to amend the complaint, which he timely filed on March 18, 2022. ECF No. 6.

## II.  Plaintiff's First Amended Complaint, ECF No. 6

Plaintiff's amended complaint remains a rambling narrative. Plaintiff sues the following defendants: Congress; Washington D.C.; "Suit Reserved Transported Collertal"; President Biden; former presidents Trump and Obama; and several individuals named Marcus President, Commander, Gabriel Showers, Favious Strawter, and Shanti. ECF No. 6, pp. 1, 3.

Generally, Plaintiff seeks to pursue an investigation into an "operation" which resulted in "harm" to his legs. ECF No. 6, pp. 5, 16. Plaintiff describes an operation at the Florida State Prison, where "[t]hey laid an [operation] to [Plaintiff's] bed . . . and up lift it." Id., p. 16. Plaintiff states that for "about 45

minutes, [he] died." Id. He mentions Levels 1 and 3, describing that at "Level 3, they set another operation to [D]upree [S]treet." Id., p. 15. Plaintiff further asserts that the wall at Florida State Prison was "vibrating and…[he] just laid [there] to see what it might do when [he] closed [his] eyes." Id. Plaintiff called the Kennedy Shuttle, then received "a ticket from Florida State Prison from . . . Gainesville to Tallahassee." Id. Plaintiff claims that he "need[s] surgery . . . they put metals elements and machines to foots [and] SSO cords laid [him] to operation surge[o]n." Id.

The relief sought is no longer access to a trust fund or vehicles, but rather "the claims and trans of the [collateral] and property." Id., p. 5. Plaintiff further asserts that this suit is a "lifetime suit because [his] body has been chronical hazard harm [his] legs" and his "two legs are . . . metal." Id.

### III. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must

'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." <u>Id.</u> (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id.</u> (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." <u>Id.</u> at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff has already been advised that he must allege facts which support the claims raised against each defendant. Plaintiff names several defendants but does not set a clear set of facts for any acts or omissions attributable to them. Furthermore, naming defendants as "Congress" or "Washington D.C." is impermissible because it fails to put any individual on notice for any alleged wrongdoing. Without more, Plaintiff fails to state any constitutional claim.

## IV.   Failure to Comply with Court Orders, Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes

the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted). Accord Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's orders. Further, Plaintiff's amended complaint includes various pages of the Court's order to amend, ECF No. 4. ECF No. 6, pp. 6-14, 19. Finally, Plaintiff did not pay the requisite filing fee. The Court advised Plaintiff that failure to follow Court orders would result in a recommendation of dismissal. ECF No. 4.

### V.   Notice of Voluntary Dismissal

Federal Rule of Civil Procedure 41(a) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves his answer. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff filed ECF No. 7, which the Court reviewed and liberally construes as a notice of voluntary dismissal. The filing contains a civil rights

complaint form cover sheet and a blank page stating he "want[s] no prosecution" and "[t]he documents [were] already served to the jury." Although a notice of voluntary dismissal is effective without an order, the Court should issue an Order confirming the case has been dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

## VI. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 6, be **DISMISSED** without prejudice because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1; or, alternatively, per Plaintiff's notice of voluntary dismissal, ECF No. 7, pursuant to Fed. R. Civ. P. 41(b). See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Finally, it is also recommended that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida on April 12, 2022.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).